UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

STEVEN M. JOHNSON, Individually and as
Settlor of THE STEVEN M. JOHNSON
INSURANCE TRUST,

Case No. 26-cv-435

        Plaintiff,

   v.

ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA, and RONALD
MACHTAN,

        Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Allianz Life Insurance

Company of North America ("Allianz Life"), and with the consent of Defendant Ronald

Machtan ("Machtan") (collectively, "Defendants"), hereby files this Notice of Removal of this

action from the Barron County Circuit Court, Wisconsin, where this action was commenced, to

the United States District Court for the Western District of Wisconsin, the district embracing the

place where the case is pending.  In support of this Notice of Removal, Allianz Life states the

following:

### TIMELINESS OF REMOVAL

1.     On April 7, 2026, Plaintiff filed his Complaint in the Barron County Circuit

Court, Wisconsin, styled *Steven M. Johnson, Individually and as Settlor of The Steven M.*

*Johnson Insurance Trust v. Allianz Life Insurance Company of North America, and Ronald*

*Machtan,* Case No. 2026cv000086.  Copies of all process and pleadings filed in the state court

are attached as **Exhibit 1**.

2.      The Complaint was served on Allianz Life through its registered agent on April 9, 2026.  Accordingly, service was effective on April 9, 2026.  A copy of the Notice of Service of Process to Allianz Life is attached as **Exhibit 2**.

3.      The Complaint was served on Ronald Machtan on April 14, 2026.  Accordingly, service was effective on April 14, 2026.  A copy of the Notice of Service of Process to Ronald Machtan is attached as **Exhibit 3.**

4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was effected within thirty (30) days of service of the Complaint on Allianz Life.  *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 349 (1999) (notice of removal timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

### DIVERSITY JURISDICTION

5.      At the time the Complaint was filed, and at the time of removal, Plaintiff Steven M. Johnson was, and continues to be, a citizen and resident of Wisconsin.  *See* Compl. ¶ 1.

6.      At the time the Complaint was filed, and at the time of removal, the Trustee of The Steven M. Johnson Insurance Trust is Provident Trust Group, LLC ("Provident Trust Group").  Provident Trust Group has its principal place of business in Nevada and is incorporated in Nevada.  *See* https://esos.nv.gov/EntitySearch/BusinessInformation (last accessed May 4, 2026).  The members of the limited liability corporation are citizens of North Dakota and Pennsylvania.  *Id.*  The Trust is therefore a citizen of North Dakota and Pennsylvania.  *See Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018) (citing *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 462-66 (1980)) (citizenship of trustee is used to determine citizenship for diversity jurisdiction); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th

Cir. 1998) (citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of all its members).

7. At the time the Complaint was filed, and at the time of removal, Allianz Life was and continues to be a corporation organized under the laws of the State of Minnesota with its principal place of business in the State of Minnesota. Allianz Life is therefore a citizen of Minnesota. 28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen of the State where it is incorporated and of the State where it has its principal place of business).

8. At the time the Complaint was filed, and at the time of removal, Defendant Ronald Machtan was and continues to be a citizen and resident of the State of Minnesota. Compl. ¶ 3.

9. The parties are therefore citizens of different states, and complete diversity of citizenship exists in this case.

10. Defendant Ronald Machtan consents to the removal of this action. *See* Ronald Machtan's Consent to Removal, attached as **Exhibit 4**.

11. This Court has original jurisdiction over Plaintiff's claims because this action presents a dispute between citizens of different states where, as set forth below, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Accordingly, this case is removable under 28 U.S.C. § 1441(a).

## NATURE OF THE ACTION

12.    The Complaint in this action asserts claims that allegedly arise out of the sale of an Allianz Life indexed universal life insurance policy (the "Policy") sold to Plaintiff by Machtan and the premium financing arrangement to fund the Policy.  *See* Compl. ¶¶ 9, 20, 21.[1]

13.    Plaintiff alleges he had sought "professional guidance" through Machtan to manage retirement funds.  *Id.* ¶ 7.

14.    The Complaint then alleges that in 2017, Machtan sold Plaintiff an Allianz Life insurance policy (the "Policy"), utilizing a program called the Kai-Zen strategy, which was created by NIW Companies, Inc.  *Id.* ¶¶ 9, 17.

15.    Plaintiff alleges that the Policy was jointly funded by Plaintiff's premium payments, and bank financing of 60-75% of the total premiums paid into the Policy.  *Id.* ¶ 20.

16.    Plaintiff further alleges that the Policy is owned by the Trust, and the Trust agreed to be bound by the Kai-Zen Master Trust Agreement, and the Policy was pledged as collateral to the lender to secure the premium financing.  *Id.*¶¶ 21-23.

17.    The Complaint alleges that it was not explained to Plaintiff that the value of the Policy could decrease "if the bank's interest rate stays higher than the policy's market credits[.]" *Id.* ¶ 28.

18.    Plaintiff alleges that Machtan failed to disclose the possibility that the loan balance would be greater than the cash value of the Policy, and that if the Policy failed to grow enough to cover the interest on the loan, the bank could refuse to fund further premiums and call the loan due.  *Id.* ¶ 29.

---

[1] This Notice of Removal cites allegations of the Complaint for purposes of establishing federal jurisdiction only. Defendants do not admit any allegations set forth in the Complaint and expressly reserves all of their defenses to the claims made in the Complaint.

4

19.    Plaintiff alleges that Machtan failed to disclose the internal costs of the Policy would become higher as Plaintiff ages, and that the value of the Policy would shrink.  *Id.* ¶ 30.

20.    The Complaint further alleges that Plaintiff was not told that he would be responsible for paying the bank for the premium loans.  *Id.* ¶ 31.

21.    Based on the alleged wrongdoing, the Complaint asserts three  claims or causes of action against both Defendants for negligence, intentional misrepresentation, negligent misrepresentation, and one claim or cause of action against Allianz Life only for negligence/failure to supervise. *See id.* ¶¶ 44-68.

**AMOUNT IN CONTROVERSY**

22.    Pursuant to 28 U.S.C. § 1332(a), where diversity exists, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

23.    In this case, Plaintiff alleges that he has paid $250,000 in premiums for the Policy.  Compl. ¶ 9.  Additionally, Plaintiff alleges that the outstanding premium finance loan as of October 2025 was $737,623,00.  *Id.* ¶ 39.  Plaintiff seeks both amounts as compensatory damages in this action.  *See id.* Prayer for Relief ¶ A.

24.    Accordingly, the threshold amount in controversy required for this Court's jurisdiction is satisfied in this action.

**CONCLUSION**

25.    This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because Plaintiff's claims present a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, this case is removable under 28 U.S.C. § 1441(a).

26.    Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action together with a copy of this Notice of Removal, will be filed with the Clerk of the Barron County Circuit Court, Wisconsin, and served on Plaintiff's counsel.

Dated: May 8, 2026.                    Respectfully submitted,

GODFREY & KAHN, S.C.


*s/Kendall W. Harrison*
Kendall W. Harrison
State Bar No. 1023438
One East Main Street, Suite 500
Madison, WI 53703
Phone:  608-257-3911
Fax:  608-257-0609
kharrison@gklaw.com

*Attorneys for Allianz Life Insurance Company of North America*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of May, 2026, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system and served a true and

correct copy of the foregoing document via electronic mail on the following counsel of record:

Sean M. Sweeney
David Seth Hill
HALLING & CAYO, S.C.
320 E. Buffalo St., Suite 700
Milwaukee, WI 53202
sms@hallingcayo.com
dsh@hallingcayo.com

*Counsel for Plaintiff*

*s/Kendall W. Harrison*

38357194